The Chief Justice
delivered the opinion of the court.
This was an action upon a promisory note, purporting io be executed by Miller and Bickly to Thomas Stewart, and Assigned by him to the plaintiff. Miller denied by his plea the execution of the note, upon which issue was joined.
On the trial it appeared from the evidence, that Miller, who resides at Cincinnati, had established a house at Louisville for the sale of liquors.; that he employed Bickly to attend to the business; that Miller was to furnish " all the stock in trade, and that Bickly, as a compensation for his services, was to have one third of the profits arising from” the business; that in the absence’ of’Miller, Bickly executed the note in his own and Miller’s name, for the price of wine and brandy purchased by him, to be sold in the course of said business; and that the wine and brandy so purchased afterwards1 came to the possession’of Miller. It also appeared in evidence that Miller had instructed Bickly to make no purchase of any one except Paxton & Co. and that the purchase for which the note in question was given, was pot made of them.
The main question is, whether, under these circumstan-r *182 ces Miller and Bickly were partners or not. Ror if they were partners, as the note was given in the regular course of transacting the partnership business, it is plain that Mil. ler must be bound by it; nor can the circumstance of his having instructed Bickly not to purchase of any one but Paxton & Co. make any, difference. That was a matter which concerned themselves only, and could not affect a contract made with any other; for as partners have equal authority over their partnership affairs, it would be preposterous to suppose that either of them could, by such instructions, limit the power of the other to bind him.
Bibb for appellant, Hardin for appellee.
Private instructions from one partner to another :tfleet themselves <>n!y, not those with whom they deal.
Persons engaged jointly in business, \]yy profits of which are lo be divd-d, are partners, and either has a right to bind the firm in a partnership transaction.
When profits are to be divided, the h >v implies that losses shoivd be apportioned.
Whether they ought to be considered as partners or not, is a question about which we have had some doubt; but we are inclined to think they were partners. Partnership is defined to be a voluntary contract between two or more persons, for joining together their money, goods or labor, upon an agreement that the gain or loss shall be divided proportionably; and whether each contributes money or labor, or both money and labor, or as in the present case, one finds money and the other labor, still it is equally a partnership,
The principal ground urged in the argument in this case against considering Bickly and Miller as partners was, that there was no agreement that Bickly should be liable to sustain a proportion of the loss, if any should happen in the course of trade. But as he was entitled to a share of the profits, it follows as a legal consequence, that he must share t-he loss. Tiie rule in this respect is, that he who shares in the advantages must also share in the disadvantages of the partnership concern. Watson on partnership, 15 61.
We .are therefore of opinion, that, the circuit court correctly instructed the jury that Miller and Biddy were partners, and consequently, that there was no error in refusing to give a contrary instruction.
Judgment affirmed with costs and damages.